Greentree Financial Group, Inc. v. Equinity Trust Company, Inc. Good morning, Your Honors. May it please the Court, Rory Grebel on behalf of Plaintiff Appellant Greentree Financial Group, Inc., appealing the decision of the District Court seeking reversal of the dismissal of Equinity Trust Company from the case. Just a little factual background, Equinity Trust Company served as the rights agent associated with the release of certain shares that were afforded to my client, Greentree Financial, directly related to a SPAC merger for a company that went public, Chijet Motor Company, Inc. The shares associated with the – So the contract provided that Equinity would be liable only for misconduct, bad faith, gross negligence. Is any of that alleged in the complaint? Yes, Your Honor. We believe that it is alleged. Where is it alleged in the complaint? In paragraphs, Your Honor, 33 to 36, and through 40, actually, Your Honor, we – Greentree alleges the fact that Equinity Trust Company, as a rights agent, was afforded multiple notice, first with the filing of the 10K, which demonstrated that the thresholds related to the gross revenues that Chijet had to hit in order to avoid the conversion of certain shares associated with the CVR agreement that would go to Greentree were not met. Upon that, according to the business combination agreement, a CVR payment notice would have been sent to Equinity in order for then a press release to have been issued. Was a CVR payment notice ever sent? Your Honor, so this information has actually come to – Was the notice, the written notice, ever sent? Yes, it was. How was it sent? It was sent by letter, Your Honor, and that has come out, actually, Your Honor, through discovery, which is the basis of why this appeal has been made. Wait a minute. Where in the complaint do you say that they received the CVR payment notice? I didn't see that in the complaint. Your Honor, at that time, we were not – we were aware of a press release. In order for a press release to have been issued, a condition precedent would have had to have occurred under the BCA, the business combination agreement. I don't buy that argument. The agreement specifically says in paragraphs 2.4a and d that they're to transfer these shares after receiving the payment notice. You never allege that Equinity received the payment notice. There's nothing even in the complaint about the press release, but even assuming there was a press release in the complaint, that's not a payment notice. I don't think a transfer agent, if they see a press release, if the contract says they shouldn't transfer the shares until they receive the payment notice, that they see a 10-K filing or a press release, that they're authorized under the agreement to transfer the shares, right? Under section 2.4 of that same agreement, it specifically mentions that in order for a press release to be issued, the CVR payment notice has to have been sent. It's a condition precedent to the press release. Our position is the fact that the press release – Does the complaint allege that a CVR payment notice was received by Equinity? Is that alleged in the complaint? It is not specifically alleged in the complaint, Your Honor, because we do not have at that time the discovery which has actually been exchanged in the case ever since, which is the basis as to why we have appealed, because allegations of gross negligence, bad faith, and willful misconduct are factual components which are not subject to 12b-6 motions. This circuit, in multiple cases, has determined that these types of behaviors are best reserved for a jury and not subject to a 12b-6 application. These are the types of things that would exist within internal emails, information that my client would not have had available to it because of the exchange was being made from Cheejet ultimately to Equinity without including my client on it. Your position today is that you've learned in discovery that Cheejet did provide the written notice? Yes, Your Honor. I thought you said that because the press release was issued, they must have gotten the notice. Do you actually have evidence that they received the notice itself, or are you relying on the fact that you now have evidence that the press release was issued and therefore there was a condition precedent that the notice must have come first? Yes, I do, Your Honor. We now have that information, Your Honor. Which information? The information that they received, the CVR payment notice. That came through discovery through Cheejet. Where do you have that information now? How do you know that? Because Cheejet is still a litigant in this case as a defendant, and they exchanged it in discovery well after this appeal was perfected. Do you have a copy of the notice? I do not have that on me, Your Honor. Have you seen a copy? Yes, I have seen a copy, yes. Why didn't you ask the district court for a leave to amend the complaint to assert that indeed the notice had been sent and received? Well, we'll be moving for summary judgment on that point, and certainly we did not do that, Your Honor, in terms of seeking leave to amend. But the fact is that the appeal was pending, and this is information that obviously we would have loved to have had before we had perfected the appeal. So to that point, Your Honor, the fact that they have the CVR notice, which we've now learned through discovery, the press release was issued, and the fact that this circuit has honored the premise that allegations of gross I'm a little unsure about the procedural posture. There was a 12b-6 motion to dismiss? Yes. But yet you were doing discovery? No, that was after the 12b-6 motion was decided. How were you engaging in discovery after the complaint was dismissed? The complaint was not dismissed with respect to Cheejet. They are still a defendant in this case, Your Honor. I see. So through that discovery, we have learned the additional information that would have certainly been. That raises another question. Do we have appellate jurisdiction if part of the case is still pending? Well, with respect to that, Your Honor, there's no further allegations with respect to Aquinity, so there is a final determination with respect to Rule 54 regarding their being and their no longer being in this case. So we started with what are the allegations in the complaint that suggest that this is more than a simple breach, that this was an intentional, gross, negligent misconduct of some sort? Well, the fact that also my client has still not even received these shares is further evidence of the fact that Aquinity has not done what it was supposed to do. Are you alleging there was some improper motive for this, a hard time, just gross negligence? If they, in fact, got the notice, as you're now alleging, what would have been the motive for them not to transfer? They're just a transfer agent, right? Is there a monetary reason or some other reason that they would benefit from not transferring their shares? Well, that's something that I would have loved to ask them at a deposition and on interrogatories. This is information that I do not have, obviously, because they are no longer in the case. And should they be brought back into the case, that's information that I would certainly like to ask them. I'm not sure I quite understood your answer. Just because the claims have been dismissed against them doesn't necessarily mean we have jurisdiction. Was there a separate judgment issued against them? Against Aquinity, Your Honor? Yes, the judgment of dismissing them from the case. Was there a piece of paper entered called a judgment, a 54B certification, saying that there could be an interlocutory appeal because the case is still pending? There was not, Your Honor, no. How do we have appellate jurisdiction if there's no 54B certification? Because the determination against Aquinity was a final determination as to them, because there's no further allegations or causes of action asserted against them. And the matter has been stayed in favor of arbitration as to all other parties. Am I correct in understanding that? No. That was with respect to a counterclaim, Your Honor. That was asserted. That was subject to a separate contractual agreement that that counterclaim would have been brought under in China's arbitration. So you're proceeding in discovery with the other claims? Correct. Against the other parties? Correct. Only. If you didn't get a certification on Rule 54, just because claims are dismissed, all the claims are dismissed against one defendant, it doesn't mean you can go defendant by defendant up to the circuit and appeal. You understand that, right? You have to have some type of independent judgment or certification under the rule. Your Honor, because of the determination made, our understanding was that we could serve this up, we could perfect the appeal based on the fact that the determination was final. Are you familiar with the terms of Rule 54B? I am, Your Honor, yes. Rule 54B says when there are multiple parties, the dismissal of claims against one party does not end the case unless you have a 54B certification that says there's a good reason to allow an interlocutory appeal. It doesn't sound like you have such a certification. So how do we have appellate jurisdiction? It's our understanding of Rule 54, given the finality of the claim against the one defendant, that there is jurisdiction for this Court to hear the appeal and ultimately make a determination on our seeking reversal of the decision of the Luma Court. If we did not have jurisdiction, you would also be free under Rule 60, wouldn't you, to make a motion to set aside, it sounds like an order, not a judgment, based upon new evidence that you've discovered, right? You could ask the District Court to reconsider the decision here based upon the fact that you now have the notice, right? If that's ultimately what is determined, where the Court determines that it does not have jurisdiction to hear this, then that's something we would have to consider. But in our mind, the determination and the finality of the decision with respect to Aquinity brings jurisdiction to this Court for the appeal to be heard. Thank you. Thank you, Your Honor. We'll take the matter under advisement.